FILED

1  ALEXANDER B. TRUEBLOOD (Bar No. 150897)
   TRUEBLOOD LAW FIRM
2  10940 Wilshire Boulevard, Suite 1600
   Los Angeles, California 90024
3  Telephone:  (310) 443-4139
   Facsimile: (310) 943-2255
4
   Attorneys for Plaintiff
5  SARA GLADNEY

6

7

8                    UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10

11  SARA GLADNEY,                        )  Case No:  CV12-7952 -GAF
                                          )                        (CWx)
12           Plaintiff,                   )
                                          )  COMPLAINT FOR VIOLATIONS
13       vs.                              )  OF THE FAIR CREDIT
                                          )  REPORTING LAWS
14                                        )
    MIDLAND CREDIT                         )
15  MANAGEMENT, INC., and DOES 1-         )
    10, inclusive,                         )
16                                        )
17           Defendants.                   )
                                          )
18                                        )
                                          )
19                                        )
                                          )
20                                        )
                                          )
21                                        )
                                          )
22  _____ )

23

24

25

26

27

28

2012 SEP 14  AM 11: 58

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

BY FAX

COMPLAINT

1       Plaintiff Sara Gladney hereby complains against defendants Midland Credit

2 Management, Inc. (hereinafter "Midland") and Does 1-10, and alleges on

3 information and belief as follows:

4                           **PRELIMINARY STATEMENT**

5       1.      Plaintiff brings this action for damages based upon defendants'

6 violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA")

7 and the Consumer Credit Reporting Agencies Act, Civil Code § 1785.1, et seq.

8 ("CCRAA"). Defendants violated the FCRA and CCRAA when they accessed

9 plaintiff's credit report, containing her private personal and financial data, without a

10 permissible purpose under these laws.

11                          **JURISDICTION AND VENUE**

12       2.      The court has jurisdiction over this matter pursuant to 15 U.S.C. §

13 1681p. The court has supplemental jurisdiction over the state law claims pursuant

14 to 28 U.S.C. § 1367.

15       3.      Venue is proper in the Central District of California because all

16 defendants reside in the state of California. Defendant Midland has substantial

17 contacts with California and is subject to personal jurisdiction in this state.

18                                  **PARTIES**

19       4.      Plaintiff is a natural person and is a resident and a citizen of the State

20 of California.

21       5.      Defendant Midland Credit Management, Inc. is a Kansas corporation

22 doing business and maintaining one or more offices in Southern California.

23       6.      Defendants Does 1 through 10 are persons or entities whose true

24 names and capacities are presently unknown to plaintiff, and who therefore are sued

25 by such fictitious names. Plaintiff is informed and believes and thereon alleges

26 that each of the fictitiously named defendants perpetrated some or all of the

27 wrongful acts alleged herein, is responsible in some manner for the matters alleged

28 herein, and is jointly and severally liable to plaintiff. Plaintiff will seek leave of

1

1  court to amend this complaint to state the true names and capacities of such

2  fictitiously named defendants when ascertained.

3        7.      At all times mentioned herein, each defendant was the agent or

4  employee of each of the other defendants and was acting within the course and

5  scope of such agency or employment.  The defendants are jointly and severally

6  liable to plaintiff.

7                          **STATEMENT OF FACTS**

8        8.      The FCRA and CCRAA permit a company to access a consumer's

9  credit report only for certain limited permissible purposes. Those permissible

10  purposes include: credit applications by the consumer, insurance, employment,

11  public benefits and licenses, child support enforcement, and counter-intelligence.

12  Unless a user of a credit report has one of the listed permissible purposes, accessing

13  the consumer's credit report is unlawful.

14        9.      A user of a consumer report must also certify in writing to the

15  consumer credit reporting agency which permissible purpose applies when it

16  accesses the consumer's report.  The FCRA thus not only prohibits access for an

17  impermissible purpose, but also access for any purpose without a proper

18  certification in writing.

19        10.     The FCRA and CCRAA provide aggrieved consumers with a private

20  right of action for actual damages, punitive damages, and attorneys fees and costs.

21  In addition, the FCRA makes knowing and willful access to a credit report under

22  false pretenses a crime.  15 U.S.C. § 1681q.

23        11.     Defendant Midland was hired to collect a credit card debt of plaintiff's

24  owing to Bank of America, or in the alternative, purchased that debt from Bank of

25  America.  Plaintiff filed for bankruptcy on or about September 27, 2011, and

26  obtained a full discharge of her debts from the bankruptcy court on or about

27  January 10, 2012, including a discharge of the Bank of America debt.  The Bank of

28  America debt was listed in plaintiff's bankruptcy schedules, and Midland was

COMPLAINT

1   specifically listed as an assignee or owner of that debt.  Midland received timely

2   notice of the discharge order, at the time it was issued, and knew that plaintiff did

3   not owe the debt.

4        12.    On or about May 5, 2012, after receiving notice that the subject debt

5   had been discharged in bankruptcy, defendant Midland and the Doe defendants

6   improperly accessed plaintiff's full credit report through Trans Union LLC, one of

7   the three major consumer credit reporting agencies.  Midland and the other

8   defendants had no permissible purpose under the FCRA or CCRAA to access

9   plaintiff's credit report.  Defendants did not have a valid debt collection purpose, as

10  the supposed "debt" did not exist.  Defendants did not merely access their own

11  tradeline on plaintiff's reports, since no Midland tradeline existed, but rather pulled

12  plaintiff's full credit report, containing all of her loans, accounts, and personal

13  information.

14       13.    Plaintiff is informed and believes, and thereon alleges, that defendants

15  also did not properly certify in writing to the credit reporting agency the purpose

16  for which they used plaintiff's credit report, thereby violating the Act even if they

17  had had a permissible purpose.

### FIRST CAUSE OF ACTION
**(Against all Defendants for Violations of the Fair Credit Reporting Act,
15 U.S.C. § 1681 et seq.)**.

20       14.    Plaintiff realleges and incorporates herein by reference the allegations

21  of paragraphs 1 through 13 above.

22       15.    Defendants violated 15 U.S.C. § 1681b(f) by using or obtaining

23  plaintiff's consumer report for a purpose not authorized by 15 U.S.C. § 1681b.

24       16.    Defendants violated 15 U.S.C. § 1681b(f) by using or obtaining

25  plaintiff's consumer reports for a purpose not certified by defendants in accordance

26  with 15 U.S.C. § 1681e.

27       17.    Defendants violated 15 U.S.C. § 1681q by knowingly and willfully

28  obtaining information on plaintiff from a consumer reporting agency under false

1 | pretenses.

2      18.     Defendants' violations described above were willful.

3      19.     Defendants' violations described above were negligent.

4      20.     Plaintiff has suffered actual damages as a result of defendants'

5 | violations, and is entitled to recover such actual damages, or damages of not less

6 | than $100 or more than $1000, pursuant to 15 U.S.C. §§ 1681n and 1681o.

7      21.     Plaintiff is entitled to recover punitive damages pursuant to 15 U.S.C.

8 | § 1681n.

9      22.     Plaintiff is entitled to recover the costs of the action, together with a

10 | reasonable attorneys fee, pursuant to 15 U.S.C. §§ 1681n and 1681o.

11      WHEREFORE, plaintiff prays for relief as set forth below.

**SECOND CAUSE OF ACTION**
**(Against all Defendants for Violations of the California Consumer Credit Reporting Agencies Act, Cal. Civil Code § 1785.1 et seq.)**

14      23.     Plaintiff realleges and incorporates herein by reference the allegations

15 | of paragraphs 1 through 22 above.

16      24.     Defendants violated Civil Code § 1785.19(a)(1) by knowingly and

17 | willfully obtaining access to plaintiff's credit file without one of the permissible

18 | purposes authorized by Civil Code § 1785.11.

19      25.     Defendants violated Civil Code § 1785.19(a)(2) by knowingly and

20 | willfully obtaining data from plaintiff's credit file without one of the permissible

21 | purposes authorized by Civil Code § 1785.11.

22      26.     Defendants violated Civil Code § 1785.19(a)(3) by using data received

23 | from plaintiff's credit file in a manner contrary to an agreement with a consumer

24 | credit reporting agency.

25      27.     Plaintiff has suffered actual damages as a result of defendants'

26 | unlawful acts.

27      28.     Defendants' violations of the Consumer Credit Reporting Agencies

28 | Act were negligent, entitling plaintiff to recover actual damages pursuant to Civil

4

1   Code § 1785.31.

2       29.   Defendants' violations of the Consumer Credit Reporting Agencies

3   Act were willful, entitling plaintiff to recover punitive damages of $5,000 per

4   violation, and any other relief the court deems proper, pursuant to Civil Code §

5   1785.31.

6       30.   Plaintiff is entitled to a statutory penalty of $2500 for defendant's

7   violations of Civil Code § 1785.19(a), pursuant to Civil Code § 1785.19(b).

8       31.   Plaintiff is entitled to an award of attorneys fees and costs pursuant to

9   Civil Code § 1785.31(d).

10      WHEREFORE, plaintiff prays for relief as set forth below.

11                          **PRAYER FOR RELIEF**

12      WHEREFORE, plaintiff prays for the following relief:

13      1.  For compensatory damages;

14      2.  For statutory penalties;

15      3.  For punitive damages;

16      4.  For pre-judgment interest to the extent permitted by law;

17      5.  For an award of attorneys' fees, costs and expenses incurred in the

18   investigation, filing and prosecution of this action; and

19

20

21

22

23

24

25

26

27

28

5

COMPLAINT

6. For such other and further relief as the Court may deem just and proper.

Dated: September 12, 2012                Respectfully Submitted,

                                         TRUEBLOOD LAW FIRM


                                         By: _____
                                             Alexander B. Trueblood

                                         Attorneys for Plaintiff
                                         SARA GLADNEY


# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury under the United States Constitution.

                                         TRUEBLOOD LAW FIRM


                                         By: _____
                                             Alexander B. Trueblood

                                         Attorneys for Plaintiff
                                         SARA GLADNEY

6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Gary A. Feess and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV12- 7952 GAF (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [✓] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY