1 | David J. Kaminski (SBN 128509)
Kaminskid@cmtlaw.com
2 | Stephen A. Watkins (SBN 205175)
watkinss@cmtlaw.com
3 | CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
4 | Los Angeles, California 90045
(310) 242-2200 Telephone
5 | (310) 242-2222 Facsimile

6 | Attorneys for Defendant,
MIDLAND CREDIT MANAGEMENT, INC.
7

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

11

12 | SARA GLADNEY,

13 |         Plaintiff,

14 |    vs.

15

16 | MIDLAND CREDIT
MANAGEMENT, INC., and DOES 1-
17 | 10, inclusive,

18 |         Defendants.

19

20

21

22

23

24

25

26

27 | TO PLAINTIFF AND HER ATTORNEY OF RECORD:

28 |     PLEASE TAKE NOTICE that on December 9, 2013 at 9:30 a.m., or as soon

Case No:  12-cv-07952-GAF-CW

**NOTICE OF MOTION AND
MOTION FOR SUMMARY
JUDGMENT; MEMORANDUM OF
POINTS AND AUTHORITIES**

Date:        December 9, 2013
Time:        9:30 a.m.
Ctrm:        740

Hon. Gary A. Feess

[Statement of Uncontroverted Facts and
Conclusions, Declaration of Stephen A.
Watkins, Declaration of John Moreno,
and Proposed Order filed concurrently
herewith]

{00011107.DOC;1}

thereafter as a matter may be heard in Courtroom 740 of the above-entitled Court located at 255 East Temple Street Los Angeles, CA 90012, Defendant MIDLAND CREDIT MANAGEMENT, INC. ("Defendant" or "Midland") will and hereby does move for summary judgment on Plaintiff SARA GLADNEY's ("Plaintiff") Complaint for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and California Consumer Credit Reporting Agencies Act, *Cal. Civ. Code* § 1785.1 *et seq.* ("CCRAA").  This motion is made pursuant to Rule 56 of the Federal Rules of Civil Procedure in that there is no genuine issue of material fact, and Defendant is entitled to summary judgment as a matter of law, in that:

(1)  Plaintiff's First Cause of Action for violation of the FCRA and Second Cause of Action under the CCRAA fail as a matter of law because she conceded that Defendant did not act willfully and that she has no actual damages.

(2)  Plaintiff's First Cause of Action for violation of the FCRA and Second Cause of Action for violation of the CCRAA fail as a matter of law because Defendant is not a "user of credit information," as defined under the FCRA;

(3)  Plaintiff's First Cause of Action for willful violation of the FDCPA and Second Cause of Action for willful violation of the CCRAA Act fail as a matter of law because Plaintiff alleges that Defendant made a soft pull on her credit that only she could see and did not affect her credit;

(4)  Plaintiff's First Cause of Action for negligent violation of the FCRA and Second Cause of Action for negligent violation of the CCRAA fails because Plaintiff has no actual damages.

(5)  Plaintiff's claim for punitive damages under Section 1785.31 of the CCRAA fails because she has no actual damages.

(6)  Plaintiff's claim that Defendant violated the FCRA because it did not properly certify its purpose fails as a matter of law because it is not an independent claim;

(7)  Plaintiff's claim that Defendant violated the CCRAA because it did not

1  properly certify its purpose fails as a matter of law because it is not an independent

2  claim and it is preempted by Section 1681t(b)(1)(F) of the FCRA.

3       This motion is made following the conference of counsel pursuant to Local

4  Rule 7-3 which took place beginning on October 15, 2013.  This motion is further

5  based upon this Notice, upon the attached Memorandum of Points and Authorities,

6  the Declaration of Stephen A. Watkins, the Declaration of John Moreno, upon the

7  Separate Statement of Uncontroverted Facts and Conclusions of Law and Proposed

8  Order granting Summary Judgment, upon the complete records and file of the Court,

9  and upon such other further evidence that may be presented at the time of hearing on

10  this matter.

11

12                                   **CARLSON & MESSER LLP**

13

14

15  Dated: November 11, 2013         By    /s/ David J. Kaminski

16                                      David Kaminski
   Stephen A. Watkins

17                                      Attorneys for Defendant
   MIDLAND CREDIT MANAGEMENT,
   INC.

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiff's Complaint is based on two alleged credit inquiries made by Defendant after Plaintiff served notice of a bankruptcy discharge.  Despite the fact that Plaintiff concedes no one else could see the credit inquiries and that there was effect on her credit score, she persists with this lawsuit and is seeking punitive damages.  As shown below, her claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and California Consumer Credit Reporting Agencies Act, *Cal. Civ. Code* § 1785.1 *et seq.* ("CCRAA") both fail as a matter of law.

### II.    STANDARD OF REVIEW ON MOTION FOR SUMMARY JUDGMENT

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment, is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as well as to all or any part thereof."  F.R.C.P. Rule 56(b).

Summary Judgment is to be rendered forthwith when one party is unable to show a genuine issue as to a material fact on which that party will bear the burden of proof at trial.  (*Department of Commerce v. U.S. House of Representatives*, 525 U.S. 316 (1999).)  A genuine issue of fact exists when the evidence before the court is of such a nature that a reasonable jury could return a verdict in favor of the non-moving party.  There must be evidence upon which a jury could reasonably find in the non-moving party's favor.  (*Anderson vs. Liberty Lobby, Inc.,* 477 U.S. 242 (1986).)  "A complete failure of proof concerning an essential element of the nonmoving party s case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett* (1986) 477 U.S. 317, 323.  Because there is no question of fact  that Defendant is not liable for violations of the FCRA or CCRAA, Defendant's motion for summary judgment should be granted.

## III.   ARGUMENT

### A.   Plaintiff's Claims Fail Because She Failed to Timely Respond to Defendant's Request for Admissions

Because FCRP 36 is self-executing, the failure to respond to requests for admission constitutes admissions to the requests. *Layton v. Int'l Ass'n of Machinists & Aero. Workers*, 285 Fed. Appx. 340, 341 (9th Cir. Cal. 2008). Such failure to respond can be grounds for summary judgment. *Id. See also Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007) (same). Because Plaintiff filed to timely respond to requests for admission (Separate Statement of Uncontroverted Facts in Support of Motion for Summary Judgment ("SSUF" Nos. 1-3), Plaintiff's claims fail as a matter of law.

#### 1.   Plaintiff Concedes That Midland Did Not Act Willfully in Violation of the FCRA and CCRAA

Plaintiff alleges that Defendant is liable under Section 1681n and 1681o of the the FCRA. (Complaint, ¶¶20-22) 15 U.S.C. §§ 1681n relates to "Civil liability for willful noncompliance" (imposing liability on a "consumer reporting agency or user of information which willfully fails to comply with" the FCRA). Request for Admission No. 5 states: "Admit that DEFENDANT did not act willfully." (SSUF No. 6) As Plaintiff conceded that Midland did not act willfully by failing to timely respond (SSUF Nos. 1-3), her claims for willful noncompliance of the FCRA and CCRA fail as a matter of law.

#### 1.   Plaintiff's Claims for Negligent Violation of the FCRA and CCRAA Fail Because Plaintiff has No Actual Damages

Section 1681o of the FCRA relates to "Civil liability for negligent noncompliance" (similarly, imposing liability on a "consumer reporting agency or user of information which negligently fails to comply with" the FCRA). If a plaintiff can only prove a negligent violation of the  FCRA, the plaintiff must also

1   show actual damages caused by the conduct constituting a violation of the statute to

2   make out a cause of action. 15 U.S.C. § 1681o(a)(1); *see also Banga v. Experian*

3   *Information Solutions, Inc.*, 473 Fed.Appx. 699, 700 (9th Cir. 2012) (*citing*

4   *Weinberg v. Whatcom Cnty.*, 241 F.3d 746, 751-52 (9th Cir. 2001) (affirming

5   summary judgment where plaintiff "failed to offer competent evidence of damages"

6   for a claim in which plaintiff "bore the burden of establishing the amount of actual

7   harm")).

8   In the same manner, "[A]ny consumer who suffers damages as a result as a

9   result of a violation of [the CCRAA]" can recover the "actual damages, including

10   court costs, loss of wages, attorney's fees, and ... pain and suffering" caused by a

11   negligent violation. *Cal. Civ. Code* § 1785.31(a)(1). To state a claim under Section

12   1785.31 for either damages or injunctive relief, the Plaintiff must show actual

13   damages. *Trujillo v. First American Registry, Inc.* (2007) 157 Cal. App. 4th 628,

14   637-638.

15   As Plaintiff conceded that she has no actual damages by failing to timely

16   respond to requests for admission (SSUF Nos. 1-3, 5), her claims for negligent

17   violation of the FCRA and CCRAA fail as a matter of law.

18   **B. Plaintiff's Claims Fail Because Defendant is not a User of Credit**

19   **Information**

20   **1. Plaintiff's FCRA Claims Fail**

21

22   The FCRA imposes civil liability only on consumer reporting agencies and

23   users of consumer information. *See DiGianni v. Stern's*, 26 F.3d 346, 348 (2d Cir.),

24   cert. denied, 130 L. Ed. 2d 173, 115 S. Ct. 252 (1994) (suggesting that the FCRA

25   imposes liability only on "consumer reporting agencies" or "'users' of consumer

26   information"); *See also Comeaux v. Brown & Williamson Tobacco Co.*, 915 F.2d

27   1264, 1273 (9th Cir. Cal. 1990)(noting that the FCRA makes "consumer reporting

28   agencies and users" liable for willful or negligent oncompliance).

The FCRA does not expressly define the term "users of information" which is employed in §§ 1681n and 1681o of the FCRA. However, § 1681m, entitled "Requirements on users of consumer reports," requires users of consumer information who deny credit or increase rates for the same due to information contained in a consumer report to supply the consumer with the name and address of the consumer reporting agency that furnished the report. 15 U.S.C. § 1681m.

A "credit reporting agency" is defined within the FCRA as any person or entity that regularly engages in the practice of assembling or evaluating consumer credit information for profit "for the purpose of furnishing  consumer reports to third parties." 15 U.S.C. § 1681f.  Plaintiff has not asserted that Defendant is a credit reporting agency (SSUF No.  7) and has no evidence in this regard (SSUF No.  8). Plaintiff only alleges that Defendant was allegedly a user of credit information. (Complaint, ¶¶8-13)

Although Plaintiff conclusorily labels Defendant a "user of credit information," she does not have any evidence that Defendant denied her credit or insurance or increased the rates charged to her based on information obtained from a consumer report. (SSUF Nos.  9-13).  The only harm she is asserting in this case are a few sleepless nights allegedly due to Defendant's credit inquiries and Defendant's imroper certification of its purpose (SSUF No. 14)

As Plaintiff has no evidence that Defendant is a user of credit of information as defined under the FCRA, her claims fail as a matter of law. *See Ayyvazian v. Moore Law Group,* 2012 U.S. Dist. LEXIS 92429 at 10-12 (C.D. Cal. July 3, 2012)(granting summary judgment on FRCA and CCRAA claims in part because defendant was not a "user of credit information"); *Vahe Margaryan v. Primary Financial Services et al.,* Case No. 2:11-cv-08717-JAK-FFM, March 21, 2012, Order Granting Summary Judgment, Motion for Summary Judgment, Dkt Nos. 50, 24)(Exhibits A&B to Defendant's Request for Judicial Notice) (holding the CCRAA did not apply because definition of user of credit information under the CCRAA did

1  not include someone that simply made a credit inquiry ); *Landaker v. Bishop, White,*
2  *Marshall & Weibel, P.S.*, 2012 U.S. Dist. LEXIS 171985, 14-15 (W.D. Wash. Dec.
3  4, 2012)("Here, Bishop took no adverse action based upon the credit summary. It
4  merely verified Plaintiff's address for the purposes of its collection efforts. Bishop
5  was not a "user of information" as] contemplated by the statute."); *Lema v. Citibank*
6  *(S. Dakota), N.A.*, 935 F. Supp. 695, 698 (D. Md. 1996)("Here, plaintiff does not
7  allege in his complaint that defendants denied him credit or insurance or increased
8  the rates charged to him based on information obtained from a consumer report.
9  Plaintiff merely alleges that defendants reported information obtained through their
10 transactions with plaintiff to a consumer reporting agency. For that reason,
11 defendants are not users of information for purposes of the FCRA.").
12    As Defendant is not a "user of credit information" under the FCRA, Plaintiff's
13 FCRA claims fail.

14    **2. Plaintiff's CCRAA Claims Fail**

15    Plaintiff's CCRAA claims are based on Defendant's alleged use of credit
16 information.  (Complaint, ¶¶22-31) citing *Cal. Civ. Code* § 1785.11.  *See also Cal.*
17 *Civ. Code* § 1785.11(3)(A) (referring to a "person" who intends to "use the
18 information" contained in a credit report).  Because the CCRAA "is substantially
19 based on the Federal Fair Credit Reporting Act, judicial interpretation of the federal
20 provisions is persuasive authority and entitled to substantial weight when
21 interpreting the California provisions." *Carvalho v. Equifax Info. Servs., LLC*, 629
22 F.3d 876, 889 (9th Cir. Cal. 2010)(citing *Olson v. Six Rivers Rivers Nat'l Bank*
23 *(20030)* 111 Cal. App. 4th 1, 3 Cal. Rptr. 3d 301, 309 (Ct. App. 2003) (internal
24 citations omitted).  Therefore, for the same reasons Plaintiff's FCRA claims fail due
25 to Plaintiff's failure to establish that Defendant is a user of credit information, so do
26 Plaintiff's CCRAA claims  (See SSUF Nos. 15-22).  *See Ayvazian, supra.*(granting
27 summary judgment on both FCRA and CCRAA claims because defendant was not a
28 "user of credit information"); *Margaryan* (same).

## C. **Defendant's Actions Were Not Willful**

A "willful" violation under § 1681n is one that is either a knowing or reckless violation of the statute. (*Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 57-59, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007).)  Thus, a company subject to FCRA does not act in reckless disregard of it unless the action is not only a violation under a reasonable reading  of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.  *Id.* at 69.  For such violation to be willful, the company's reading must be "objectively unreasonable." *Id.*

The *Safeco* Court discussed two factors in analyzing whether a company's interpretation of the FCRA is "objectively unreasonable."  First, the Court considered the clarity of the statutory text with respect to the challenged conduct. Specifically, the fact that a company's reading of the FCRA "has a foundation in the statutory text," *Id.* at 69-70.

Second, the Court evaluated  the amount of relevant judicial or agency guidance available to the company to aid its efforts to interpret the Act. In particular, the *Safeco* Court stressed that "[t]his is not a case in which the business subject to the Act had the benefit of guidance from the courts of appeals or the Federal Trade Commission (FTC) that might have warned it away from the view it took.

> Where, as here, the statutory text and relevant court and agency guidance allow for more than one reasonable interpretation, ***it would defy history and current thinking to treat a defendant who merely adopts one such interpretation as a knowing or reckless violator***. Congress could not have intended such a result for those who followed an interpretation that could reasonably have found support in the courts, whatever their subjective intent may have been.

*Id.* at 70 n.20.  (emphasis added).  *See, e.g., Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314, 1318-19 (11th Cir. 2009) (affirming summary judgment in favor of Experian because "[t]he text of the Act is far from 'pellucid' that reports may

1  not be sold for consumers whose accounts are closed....Nor have judicial opinions

2  established that the Act forbids the sale of reports for consumers whose accounts are

3  closed.") (internal citation omitted); *Birmingham v. Experian Info. Solutions, Inc.*,

4  633 F.3d 1006, 1009-12 (10th Cir. 2011) (finding that Experian was entitled to

5  summary judgment on FCRA willful noncompliance claims because "[t]o infer that

6  Experian acted recklessly in response to the complaint would require inappropriate

7  speculation."); *Harper v. Trans Union, LLC,* Civil Action No. 04-3510, 2009 U.S.

8  Dist. LEXIS 12760, 2009 WL 415940, at *3-4 (E.D. Pa. Feb. 19, 2009) (granting

9  summary judgment on the willful noncompliance issue because "[n]o FTC action or

10  appellate court decision existed at the time to warn CRAs that their procedure of

11  including the bankruptcy remark were not reasonable or that inclusion of the

12  bankruptcy remark would be inaccurate."); *Sheldon v. Experian Info. Solutions, Inc.,*

13  Civil Action No. 08-5193, 2010 U.S. Dist. LEXIS 102737, 2010 WL 3768362, at *4

14  (E.D. Pa. Sept. 28, 2010)  (granting summary judgment on FCRA willful violation

15  claim, in part because no appellate authority supported plaintiff's contention).

16  **1.  The Law is Unsettled on Whether "Soft Pulls" Under the FCRA**

17  **Trigger Liability**

18  Plaintiff alleges that Midland made two credit inquiries after receiving notice

19  of her bankruptcy discharge and improperly certified its purpose.  (SSUF No. 23)

20  However her credit reports clearly state that no one but her could see the inquiries.

21  (SSUF No. 24)  This type of credit inquiry is commonly known as a "soft pull."  *See*

22  http://www.transunion.com/personal-credit/credit-reports/credit-inquiries.page.

23  That Midland's credit inquiries at most were a "soft pull" are bolstered by Plaintiff's

24  testimony that she had no evidence that no one else saw Defendant's credit inquiries.

25  (SSUF No. 26)  and that she has not asserted any damage to her credit.  (SSUF No.

26  27, 28)

27  In this case, there is no reported appellate FCRA decision that holds that soft

28  pull credit inquiry that only the consumer can see violates the FCRA.  Therefore, no

reasonable jury could conclude that Midland acted objectively unreasonably in determining that the FCRA does not apply to its activities, in particular to its current owner reports such as the one at issue in this matter.  Plaintiff cannot possibly establish that Defendant "ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless."

In an similar context, the Northern District of California held that there was not sufficient evidence of willfulness based on use of a "Hawk Alert" on a credit report intended to alert the subscriber to possible errors or issues that subscriber should investigate further and the subscribers were to agree not to use the information to deny credit.  *Batdorf v. Trans Union*, 2002 U.S. Dist. LEXIS 9489, 8-9 (N.D. Cal. May 13, 2002)  In the same manner, the soft pulls in this case were not seen by anyone but Plaintiff and did not affect her credit score.

## 2.  <u>The Law is Unsettled on the Definition of a "User of a Credit Report"</u>

Tthere is no Ninth Circuit decision defining "user of credit information," under the FCRA and there is authority favoring Defendant's position that it is not. (See Section III.B, *supra*) (SSUF Nos. 29-34)  and therefore Defendant's conduct was not willful given the ambiguity of whether the FCRA applies to entities that do not  deny credit or insurance or increased the rates charged to consumer based on information obtained from a consumer report.  *See Carvalho Fuges v. Southwest Fin. Servs.*, 2011 U.S. Dist. LEXIS 134779 (E.D. Pa. Nov. 21, 2011)(holding that provider of "current owner reports" could not be found to have willfully violated the FCRA where provider reasonably argued that it was not a "consumer reporting agency" because it reported on properties, not consumer"); *Murray v. Indymac Bank F.S.B.*, 2007 U.S. Dist. LEXIS 67702 (N.D. Ill. Sept. 13, 2007)(nothing that where law supported defendant's intepretation of FCRA, there was no willful conduct even if "there were other reasonable interpretations in line with the law that [Plaintiff] now advocates").

As Plaintiff's claims of willful violation of the FCRA fail, so do her claims for willful violation of the CCRAA (See SSUF No. 35-46).  See *Carvalho,* 629 F.3d at 889.

### D. Plantiff's Claims for Negligent Violation of the FCRA and CCRAA Fail

#### 1. Plaintiff's FCRA Claim Fails

Although Plaintiff claims emotional distress, she asserts only a few sleepless nights and a generalized feeling of anger.  (SSUF Nos. 47-52)  This is not sufficent to establish a negligent violation of the FCRA.  Such as claim requires actual damages.  See *Banga, Weinber, supra.*

#### 2. Plaintiff's CCRAA Claim Fails

To state a claim under Section 1785.31 for either damages or injunctive relief, the Plaintiff must show actual damages.  *See Trujillo,* 157 Cal. App. 4th at 637-638.  Plaintiff has not claimed any actual damages that a few nights of loss of sleep.  (SSUF No. 53-58).  That is not sufficient to assert a CCRAA claim for negligence.

### A. Plaintiff's Claim for Punitive Damages Under Section 1785.31 of the CCRAA Fail

As set forth in *Trujillo*, a claim for punitive damages under Section 1785.31 under the CCRAA requires a showing  of actual damages.  As Plaintiff has no evidence of actual damages (SSUF No. 59-64), her claims for punitive damages claims under Section 1785.31 fail as a matter of law.

### B. Plaintiff's Claims Relating to Certification Fail

Although Defendant maintains that Plaintiff's claims fail for the reasons set forth above, Defendant has specific defenses to Plaintiff's claim that that Midland did not properly certify in writing to the credit reporting agency Trans Union LLC the purpose for which it used plaintiff's credit report, thereby violating the FCRA/CCRAA even if Midland had a permissible purpose.   (SSUF No. 65).

**1.**  **There is no independent claim for "improper certification" of purpose to the credit bureaus under the FCRA or CCRAA**

The District of Minnesota has held that is unclear whether there exists a separate cause of action under the FCRA's certification provision independent of the "permissible purpose" language.  *See Breese v. TRIADvantage Credit Servs., Inc.*, 393 F. Supp. 2d 819, 822 (D. Minn. 2005).  Therefore, Plaintiff's independent claim in this regard lacks merit.  Moreover, as the CCRAA follows the FCRA, any claim for improper certification similarly fails as a matter of law.

**2.**  **Plaintiff's CCRAA Claim of False Certification is Preempted**

Plaintiff's improper certification claim under the CCRAA relates to information furnished by Defendant to the credit bureaus (SSUF No. 66).  Therefore, this claim is expressly preempted by Section 1681tb(1)(F) of the FCRA.  See 15 U.S.C. 1681t(b)(1)(F).

**IV.**  **CONCLUSION**

For the reasons set forth above, Defendant respectfully requests that its Motion for Summary Judgment be granted in its entirety.


**CARLSON & MESSER LLP**


Dated: November 11, 2013          By    /s/ David J. Kaminski
                                       David Kaminski
                                       Stephen A. Watkins
                                       Attorneys for Defendant
                                       MIDLAND CREDIT MANAGEMENT,
                                       INC.